# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAWAAN CHEVALIER (DOC #561624)     CIVIL ACTION

VERSUS

ANDRE RILEY                            NO. 17-139-JWD-EWD

## RULING

Before the Court is Plaintiff's *Motion in Limine to Suppress Testimony and Evidence* (Doc. 76.) It is opposed. (Doc 86.) After considering the briefs and arguments of counsel, the Court rules as follows:

1. **The Nature of Plaintiff's Convictions or of Any Arrest That Did Not Lead to Conviction**

Consistent with this Court's prior rulings, the jury may be told that Plaintiff has been convicted of a felony and is serving his sentence at the Elayn Hunt Correctional Center. Federal Rule of Evidence 609(a)(1)(A) makes evidence of a felony criminal conviction admissible subject to Rule 403. The specific crime for which he was convicted is not relevant, or, to the extent relevant, its prejudicial effect outweighs any probative value that it may have. The motion is granted as to the nature of Plaintiff's convictions or any surrounding facts.

The motion is also granted with respect to any arrests that did not lead to conviction.

2. **ARP EHCC 2016-299**

This exhibit is attached to Plaintiff's motion as Doc. 76-5. The Court has reviewed this exhibit and, consistent with its prior ruling in *Mack v. Benjamin,* No. 13-552, 2015 WL 7313869 (M.D. La. Nov. 20, 2015), the Court grants the motion to the exhibit as a whole. The exhibit contains hearsay and information which is irrelevant.

This ruling is without prejudice to the Defendant attempting to introduce specific parts of the exhibit which may, depending upon the specific document introduced and the purpose for which it is being introduced or used, be admissible as an admission, impeachment evidence, or fall into one of the exceptions to the hearsay rule.

### 3. Institutional Record

This exhibit is attached to Plaintiff's motion as Doc. 76-4. Defendant represents that he does not intend to introduce this document. (Doc. 86 at 2.)[1] Plaintiff's motion is granted. The exhibit contains hearsay, impermissible character evidence and information which is irrelevant.

### 4. Kerry Najolia's Expert Report and Attachments

Defendant claims to be "at a loss to understand how to respond to the motion to excluded (sic) expert Kerry Najolia." (Doc. 86 at 3.) The Court is at a loss to understand how Defendant can construe Plaintiff's motion to exclude the testimony of their expert since it attempts to exclude the *report*, and Defendant never addresses Plaintiff's objection to the report based on

---

[1] Plaintiff quotes an email from counsel for Defendant in which Defendant states he is "introducing Plaintiff's Institutional Record as stated in the Pretrial Order." (Doc. 76-1 at 3.) Counsel are reminded of their obligation under this Court's rules to consult in good faith to resolve evidentiary issues *before* a motion *in limine* is filed. Specifically, this Court's rule provides:

> The Court finds that there are too many motions *in limine* filed needlessly. Many of these motions could be resolved by the parties communicating with each other before filing.
>
> Accordingly, before any party in either a civil or criminal case files any motion *in limine*, the moving party shall confer with the opposing party (or any party having an interest to oppose) in a good faith effort to resolve the issue(s) amicably. If the parties cannot resolve the issue(s) amicably, the filing party must include with his motion a certificate stating that he conferred in a good faith effort to resolve the issue(s) amicably and that he was unable to reach an agreement.
>
> Further, if in spite of the above order, the moving party determines after the filing of an opposition to a motion *in limine*, that there is no longer a dispute, the moving party shall file a motion to withdraw his motion *in limine* from consideration.

*Instructions for Filing Motions* in Limine *in Civil and Criminal Cases before Judge John W. deGravelles*, http://www.lamd.uscourts.gov/sites/default/files/forms/Instructions%20Regarding%20Motions%20in%20Limine.pdf .

hearsay. Apparently, Defendant fails to see the distinction between Najolia's report and his in-court testimony (which is not objected to). An expert report is generally not admissible as evidence since it is hearsay. *Kerek v. Crawford Elec. Supply Co., Inc.*, No. 18-76, 2019 WL 6311365 (M.D. La. Nov. 25, 2019). Therefore, Plaintiff's motion is granted. Presumably, Mr. Najolia will be present in court to testify and may express his opinions as they are reflected in his report.

**5. Andre Riley Warden's Unusual Occurrence Report Dated 7/14/16**

Plaintiff does not attach this proposed exhibit to his motion, and, therefore, the Court is unable to rule definitively. However, based on the rationale provided by Plaintiff in his argument (Doc. 76-1 at 4-5), Plaintiff's motion will likely be granted. *See Mack v. Benjamin*, *supra*, at *2–3. Defendant fails to address this Court's opinion in *Mack* but, without citation of any supporting case law, argues that these documents fall into exceptions to the hearsay rule. (Doc. 86 at 2.) The Court disagrees. Counsel for Defendant is instructed to notify the Court and opposing counsel outside the presence of the jury in the event he intends to attempt introduction of this report so that the Court can consider argument before ruling on the motion.

**6. Jawaan Chevalier's Complete Medical and Mental Health Records**

The records were not attached for the Court to review, so it is impossible to rule on this part of the motion in advance. Defendant argues the records are necessary to "establish a baseline" of Plaintiff's medical condition. (Doc. 86 at 4.) In his own motion in limine, Defendant argues that Plaintiff is entitled to put before the jury evidence of Plaintiff's pre-existing injuries (using, as an example, Plaintiff's eye disease suffered in 2015, which, argues Defendant, could cause headaches and migraines if left untreated (Doc. 77-1 at 7)).

The Court notes at the outset that *only* those medical and/or mental health records which are germane to the incident in question will be permitted into evidence. Evidence of pre-existing injuries or illnesses which are relevant to Plaintiff's current claim would be admissible. Whether or not his prior eye disease is relevant is unclear. Furthermore, as pointed out by Plaintiff (Doc. 83 at 7), to relate the symptoms of an eye injury or disease to symptoms allegedly caused by Defendant's conduct may well require expert testimony. Plaintiff complains no expert reports on this issue were provided by Defendant in accordance with Rule 26. (*Id*. at 7-8) If true, Defendant will not be allowed to speculate about whether Plaintiff's post-accident complaints were caused by an eye disease.

Defendant is instructed to narrow its offering in accordance with this ruling. Furthermore, Defendant is instructed to provide the narrowed records to counsel for Plaintiff before trial. Defendant is instructed that, if there continues to be disagreement about whether the more limited offering is admissible, this matter will be brought to the attention of the Court outside the presence of the jury so that argument can be considered and a ruling rendered.

   **7. Reference to the Criminal Record or Convictions of Any Inmate Witness**

Counsel for Plaintiff apparently did not consult with defense counsel on this particular issue in advance of the filing of this motion, which is a violation of this Court's rule. Notwithstanding, counsel for Defendant is instructed that if he/she intends to utilize the conviction or criminal record of any inmate witness, he/she shall bring this to the attention of the Court out of the presence of the jury so that the matter may be resolved at that time.

8. **Testimony from Any Nurse, Physician or Other Medical Staff Personnel Regarding Whether the Injuries "indicate use of excessive force" or Whether the Injuries "suggest use of excessive force".**

Plaintiff argues that there has been no Rule 26 or other disclosure of expert testimony in this province. Opinion testimony of the kind sought to be excluded may ordinarily only be given by an expert witness who has sufficient qualifications and factual foundation to provide such testimony. Absent such qualifications and foundation, a witness (medical or otherwise) will not be permitted to give such opinion testimony. Defendant does not address this part of Plaintiff's motion. Therefore, this part of Plaintiff's motion is granted.

9. **Jawaan Chevalier Location Sheet**

Plaintiff argues that this document "does not appear" to have been produced in discovery. (Doc. 76-1 at 9.) Defendant agrees that plaintiff's location sheet is "not necessary if plaintiff witness Lonnie Bryant is excluded." (Doc 86. at 5.) But Defendant argues that it may be necessary to show that Plaintiff was not located near Lonnie Bryant at the time of the incident. Plaintiff makes clear that Bryant is not being called as a witness to the incident in question. Therefore, Plaintiff's motion on this document is granted.

10. **Unit One Assessment Triage Unit Logbook for July 14, 2016**

Plaintiff appears to be objecting to this document because it "may only be authenticated by [Plaintiff]." (Doc. 76-1 at 10.) Defendant argues that this exhibit is necessary to prove that "plaintiff was offered and refused medical care on July 14, 2016." (Doc. 86 at 5.) The document is relevant and assuming a proper foundation is laid regarding its authenticity, it will be allowed into evidence. This part of Plaintiff's motion is denied.

**11. "Any other exhibit not specifically listed".**

The Court will not permit an exhibit which is not particularly mentioned on the Pretrial Order to be admitted into evidence absent a showing of good cause. Defendant does not address this objection in Plaintiff's motion. If Defendant intends to introduce any exhibit not listed on the Pretrial Order, it must bring this to the attention of the Court prior to trial and be prepared to explain why such exhibit should be admitted if not previously listed.

**12. Dr. Jonathan Roundtree**

Plaintiff complains that this witness was not listed or identified in discovery or in Rule 26 disclosures and was not the EHCC medical director at the time period in question. (Doc. 76-1 at 10.) Ordinarily, any witness not identified in discovery or in the Pretrial Order will not be permitted to testify. If Defendant intends to call Dr. Rountree to the stand, it must bring this intention to the Court's attention at the status conference before jury selection and be prepared to show good cause as to why such witness was not previously listed.

**13. Susan Conners**

Again, Defendant represents that this witness will not be called (Doc. 86 at 5), which begs the question of why the Court is spending its time on a non-issue. The parties are reminded (again) – for this case and future cases – about this Court's local rule requiring that only matters that are still in dispute after pre-filing consultation, be made a part of a motion *in limine*. There being no issue for the Court to resolve, this part of Plaintiff's motion is denied as moot.

Signed in Baton Rouge, Louisiana, on December 30, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**