# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAWAAN CHEVALIER (DOC #561624)    CIVIL ACTION

VERSUS

ANDRE RILEY    NO. 17-139-JWD-EWD

## RULING

Before the Court is defendant Andre Riley's ("Riley" or "Defendant") *Motion in Limine to Exclude Evidence and Testimony*. (Doc. 77.) It is opposed by plaintiff Jawaan Chevalier ("Plaintiff" or "Chevalier"). (Doc. 83.) For the following reasons, the motion is granted in part, denied in part and deferred in part.

First, the Court notes that Defendant has not followed the Court's local rule to consult with opposing counsel in advance of filing a motion in limine in order to attempt to avoid filing such a motion, in whole or in part.[1] Defense counsel is instructed to be familiar with this rule and abide by it in the future. Nonetheless, the Court will consider Defendant's motion.

Defendant seeks to preclude the admission of the following exhibits and/or testimony:

---

[1] Specifically, this Court's rule provides:

> The Court finds that there are too many motions *in limine* filed needlessly. Many of these motions could be resolved by the parties communicating with each other before filing.
>
> Accordingly, before any party in either a civil or criminal case files any motion *in limine*, the moving party shall confer with the opposing party (or any party having an interest to oppose) in a good faith effort to resolve the issue(s) amicably. If the parties cannot resolve the issue(s) amicably, the filing party must include with his motion a certificate stating that he conferred in a good faith effort to resolve the issue(s) amicably and that he was unable to reach an agreement.
>
> Further, if in spite of the above order, the moving party determines after the filing of an opposition to a motion *in limine*, that there is no longer a dispute, the moving party shall file a motion to withdraw his motion *in limine* from consideration.

*Instructions for Filing Motions* in Limine *in Civil and Criminal Cases before Judge John W. deGravelles*, http://www.lamd.uscourts.gov/sites/default/files/forms/Instructions%20Regarding%20Motions%20in%20Limine.pdf

1. **Any and All Unexhausted Claims**

Defendant seems to suggest that claims for "emotional and mental distress, pain and suffering, humiliation, embarrassment and loss of employment opportunities; medical, hospital and pharmaceutical bills and services[,] past, present, and future; inconvenience; and lost wages" are "unexhausted claims" and not damages which are recoverable in a 1983 excessive force case. (Doc. 77-1 at 1-2.) No legal authority is given for this proposition and no factual authority is given to support Defendant's contention that the claim for these items is "unexhausted." Without more, this part of the motion is denied.

2. **Evidence or Testimony regarding Defendant's Personnel Records and Disciplinary History**

Defendant argues that prior bad acts are inadmissible and, as a general rule, Defendant is correct. Fed. R. Evid. 404(b). However, Defendant has provided no specific document or piece of testimony which he wishes to exclude. In his opposition, Plaintiff attaches documents showing that Defendant was fired from his position at Elayn Hunt for conduct arguably similar to that alleged in this case. (Doc. 83-1 at 1-14.) These documents show that Defendant appealed his firing and ultimately resigned in order to avoid being fired. (*Id.*)

The Court is unable, based on the documents presented, to determine whether the incident is sufficiently similar to that of the conduct alleged to have taken place in this case to be admitted. The Court will hear evidence and argument on this issue at the status conference to be held on the morning of trial before jury selection. This part of Defendant's motion is deferred. *See Mack v. Benjamin*, No. 13-552, 2015 WL 7313869, at *1 (M.D. La. Nov. 20, 2015).

3. **Testimony of Inmate Lonnie Bryant**

Defendant argues that Mr. Bryant was not present and did not witness the incident and was not housed with the plaintiff after the incident. Therefore, argues Defendant, Bryant has

nothing to offer that is relevant. Furthermore, Bryant was in a separate incident with Defendant, and Defendant is fearful he will be questioned about the events surrounding that incident, which is irrelevant.

It is apparent from documents provided by Plaintiff (Doc. 83-1 at 1-14) that Bryant was involved in the incident that got Defendant fired. However, it is impossible, in advance of trial, to rule on the admissibility of any possible evidence Bryant may have. Needless to say, he will not be allowed to give speculative or irrelevant testimony. The Court will hear evidence and argument on this issue at the status conference to be held on the morning of trial before jury selection.

### 4. Testimony of Nedra Chevalier

Nedra Chevalier is either Plaintiff's wife or mother. According to Plaintiff, she will be able to testify regarding injuries she observed on Plaintiff. (Doc. 83 at 7.) Based on this representation, this part of Defendant's motion is denied.

### 5. Testimony of Tyrone Chevalier

Again, Plaintiff represents that this witness saw Plaintiff's injuries and will testify regarding same. Based on this representation, this part of Defendant's motion is denied.

### 6. Miscellaneous

Defendant argues for the introduction of certain medical records. See the Court's ruling as it pertains to Plaintiff's motion in limine on the same subject.

Signed in Baton Rouge, Louisiana, on December 30, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**